2018R00510/JMR/SD/ml

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Noel L. Hillman U.S.D.J. |
| v. | : | Crim. No. 19-528 (NLH) |
| YUANKAI YANG, | : | CONSENT JUDGMENT OF FORFEITURE (MONEY JUDGMENT) AND PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| Defendant. | : | |
| | : | |
| | : | |

WHEREAS, on or about _____, defendant Yuankai Yang pleaded guilty pursuant to a plea agreement with the United States to a two-count Information, which charged her with one count of conspiracy to violate the Arms Export Control Act ("AECA"), in violation of 18 U.S.C. § 371 (Count One), and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Two);

WHEREAS, pursuant to 22 U.S.C. § 401 and 28 U.S.C. § 2461(c), a person convicted of conspiracy to violate AECA, in violation of 18 U.S.C. § 371, shall forfeit to the United States all of her right, title, and interest in any and all arms and munitions of war and other articles exported or removed from the United States or intended to be exported or removed from the United States in connection with the offense charged in Count One of the Information;

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), a person convicted of money laundering, in violation of 18 U.S.C. § 1956(h), as alleged in Count Two

of the Information, shall forfeit to the United States all property, real and personal, involved in such violation;

WHEREAS, in the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), (i) a sum of money equal to $281,185, representing the proceeds of the offense charged in Count Two of the Information (the "Money Judgment"), and (ii) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all of the defendant's right, title and interest in any and all arms and munitions of war and other articles exposed or removed from the United States or intended to be exported or removed from the United States in connection with the offense charged in Count One of the Information, including but not limited to the property listed on Schedule B hereto (the "Specific Property"), which the defendant admits has the requisite nexus to the offense in Count One to which the defendant has agreed to plead guilty. Any net proceeds from the sale of the Specific Property will be applied to the Money Judgment, in partial satisfaction thereof;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture, including a preliminary order of forfeiture consisting of a money judgment, may become final at any time before sentencing if the defendant consents;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant Yuankai Yang :

(1) Consents to the forfeiture to the United States of $281,185 as a sum of the money representing the proceeds of the offense charged in Count Two of the Information, to which the defendant pleaded guilty, in the form of a criminal forfeiture money judgement to be imposed upon the defendant, pursuant to 18 U.S.C. § 982(a)(1) (the "Money Judgment");

(2) Agrees to forfeit to the United States all of her right, title and interest in the Specific Property, which the defendant admits has the requisite nexus to the conspiracy to violate AECA offense to which the defendant has agreed to plead guilty, pursuant to 22 U.S.C. § 401 and 28 U.S.C. § 2461(c);

(3) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(4) Acknowledges that she understands that forfeiture of property will be part of the sentence imposed upon her in this case and waives any failure by the Court to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(5) Waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

WHEREAS, good and sufficient cause has been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

### *Money Judgment*

1. As a result of the defendant's conviction of the offense charged in Count Two of the Information, pursuant to 18 U.S.C. § 982(a)(1), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), a criminal forfeiture money judgment in the amount of $281,185 shall be entered against the defendant (the "Money Judgment").

2. The defendant having given her consent pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), upon entry of this Preliminary Order of Forfeiture, this Order is final as to the defendant Yuankai Yang, shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4.      All payments on the Money Judgment are forfeit to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law. The United States shall have clear title to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment ($281,185).

5.      Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

## *Specific Property*

6.      As a result of the defendant's conviction of the offense charged Count One of the Information, pursuant to 22 U.S.C. § 401 and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

7.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall be final against defendant Yuankai Yang, shall be made part of the sentence of defendant Yuankai Yang, and shall be included in the judgment of conviction therewith.

-5-

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

9. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

11. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

12. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

13. The Clerk of the Court is directed to enter a money judgment against the defendant in favor of the United States in the amount of $281,185.

14. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 25th day of July, 2019.

*[signature]*

Hon. NOEL L. HILLMAN
United States District Judge


The undersigned hereby consent to
the entry and form of this Order:

CRAIG CARPENITO
United States Attorney

By: *[signature]*　　　　　　　　　　　　Dated: 7/25/19
JASON M. RICHARDSON
Assistant United States Attorney


*[signature]*　　　　　　　　　　　　　Dated: 7/25/19
MICHAEL RILEY, ESQ.
Attorney for Defendant
Yuanaki Yang


X *Yuan kai Yang*　　　　　　　　Dated: 7/25/19
Yuanaki Yang,
Defendant

-8-

## Schedule B

## Forfeitable Property

Yuankia Yang will forfeit to the United States the following specific property:

Seized on October 24, 2018
One (1) MX-11769/UV Image Intensifier Tube; Serial Number 5276027
Four (4) MX-11769/UV Image Intensifier Tubes; Serial Numbers 424870, 428393, 3260713, 3379668
One (1) Harris NV5050B-X7C Image Intensifier Tube; Serial Number 163891147
Two (2) PVS-15 Night Vision Binoculars with integral Image Intensifier Tube, no serial numbers on shell

Seized on October 31, 2018
Ten (10) PVS-14 Night Vision Monoculars, Serial Numbers: 10672, 10673, 10674, 10675, 10676, 10677, 10678, 10679, 10680, 10681